# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BETTY FRAKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 16-1066-JWL |
| NANCY A. BERRYHILL,[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I. Background**

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI benefits, alleging disability beginning December 9, 2006. (R. 16, 207). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ erred in weighing the treating source opinion of her treating psychologist, Mr. Prouse, LMLP (Licensed Masters Level Psychologist).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error and addresses Plaintiff's arguments in the order addressed in her Social Security Brief.

## II. Discussion

Plaintiff acknowledges that the ALJ accorded significant weight to Mr. Prouse's treating source opinion (Pl. Br. 9), but argues that he committed a reversible error because "he did not include many of the limitations [Mr.] Prouse opined [Ms.] Frakes had." Id. at 12. Specifically, Plaintiff notes that Mr. Prouse opined that Plaintiff has moderate limitations in the abilities to remember locations and work-like procedures; to accept instructions and respond appropriately to criticism from supervisors; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and the ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Id. at 13 (citing R. 443-44). She argues that the RFC assessed does not include a limitation on ability to remember locations and procedures, or a limitation "related to responding to supervision or communicating with supervisors," and that the remaining moderately limited abilities

4

accepted by the ALJ "suggest[] that [Ms. Frakes] would have at least some problems with pace, attendance, and working within a schedule," but that the ALJ did not assess "limitations related to any of these deficiencies." (Pl. Br. 13). Plaintiff argues that the ALJ "unequivocally accepted the moderate limitations addressed above but did not formulate an RFC that captured all the concrete consequences of [Ms.] Frake's severe impairments," and "provided no reason to exclude the limitations contained in [Mr.] Prouse's opinion from the RFC assessment." Id. at 15. She then argues that the hypothetical questions presented to the vocational expert did not relate with precision all of Plaintiff's limitations because it did not include all of the moderate limitations opined by Mr. Prouse and accepted by the ALJ. Id.

In response, the Commissioner notes that the ALJ discounted Mr. Prouse's opinions that Plaintiff would be off task ten percent of the workday and would miss four days of work each month because they are not consistent with the minimal clinical signs and findings in the record. (Comm'r Br. 14). She argues that the inconsistencies relied upon by the ALJ to discount this portion of Mr. Prouse's opinion include inconsistencies with the clinical signs and findings in Mr. Prouse's own treatment notes, and that those reasons are supported by the record evidence. Id. at 14-15. She argues three reasons Plaintiff's allegation of error should not be accepted. Id. at 16-18. She notes that the Mental RFC Assessment form used by the Social Security Administration (SSA) has a "Section I, Summary Conclusions" containing 20 mental abilities identical to the mental abilities at issue here and contained in section II of the "Medical Source Statement -

5

Mental" completed by Mr. Prouse. (Comm'r Br. 16). She points out that the SSA's Program Operations Manual System (POMS) provides that Section I of the SSA Mental RFC Assessment form is only a worksheet to help decide the presence and degree of functional limitations and the adequacy of the evidentiary documentation of those limitations, but does not constitute the RFC assessment. Id. She points out that Section III of the Commissioner's Mental RFC Assessment form is the place where the actual RFC assessment appears--where the medical source explains the limitations documented in Section I in terms of the functional limitations in the claimant's mental abilities in a work setting. Id. She argues that in light of this usage of the SSA's Mental RFC assessment form, Mr. Prouse's opinion regarding mild limitations or moderate limitations is not an opinion regarding functional capacity because Mr. Prouse "did not ultimately say what he believed Plaintiff's residual functional capacity was." Id. The Commissioner next argues that the ALJ accounted for Mr. Prouse's opinion regarding moderate limitations when he restricted Plaintiff to unskilled work (simple to intermediate work) and when he restricted Plaintiff to only occasional interaction with co-workers and the public. Id. at 17. Finally, the Commissioner argues that if the moderate limitations opined by Mr. Prouse are not accounted for in the RFC assessed, they are not supported by the record evidence. Id. at 17-18.

Plaintiff replies to the Commissioner's first argument, asserting that Mr. Prouse's opinion is in fact a medical opinion because the POMS applies only to the SSA, not to a treating medical source, and that the Tenth Circuit has clearly held that check-box forms

such as the Medical Source Statement completed by Mr. Prouse are medical opinions which must be weighed in accordance with the regulations. (Pl. Reply 1) (citing POMS § DI 24510.060; Anderson v. Astrue, 319 F. App'x 712, 723 (10th Cir. 2009); and 20 C.F.R. § 404.1527(d)[2]). She next asserts that to argue that the ALJ accounted for all parts of Mr. Prouse's opinion is "simply irrational" because dealing with co-workers and the public is not the same as accepting and responding appropriately to supervisors, and a limitation to unskilled work does not capture the totality of the moderate limitations opined. Finally, she argues that the Commissioner's argument that the record evidence does not support the limitations opined is merely a post-hoc rationalization.

Plaintiff is correct that a treating source opinion is generally entitled to "particular weight" Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). And, even when it is not accorded controlling weight it is still entitled to deference. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003). Moreover, when an ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion, and how any ambiguities and material inconsistencies in the evidence were considered and resolved. Social Security Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv.,

---

[2]The regulation cited by Plaintiff does not apply to an application for SSI such as is at issue in this case. Nevertheless, the court takes judicial notice of 20 C.F.R. § 416.927 which applies to SSI applications and is identical in every relevant respect to 20 C.F.R. § 404.1527.
    Moreover, the regulations were amended in 2012, more than two years before the ALJ decision in this case, and the subparagraph to which Plaintiff apparently cites as authority for her argument was moved from subparagraph (d) to subparagraph (c) of both 20 C.F.R. §§ 404.1527 and 416.927.

7

Rulings 149-50 (Supp. 2016). But, Plaintiff has not shown that the ALJ erred in his application of this standard.

As Plaintiff argues, the ALJ accorded significant weight to Mr. Prouse's opinion, except that he rejected the opinions that Plaintiff would be off-task ten percent of the workday and would miss four days of work each month. (R. 25). Thereby he accepted the rest of Mr. Prouse's treating source opinion. However, Plaintiff has not shown that in making his RFC assessment the ALJ failed to account for any limitations opined by Mr. Prouse.

As suggested by the Commissioner's argument, the form completed by Mr. Prouse contains a listing of 20 mental abilities. (R. 443-44). For each ability the form asks the medical source to rate the claimant's performance with one of four limitations; mildly limited, moderately limited, markedly limited, or extremely limited. Id. The form does not provide a category for a less-than-mild limitation such as "not significantly limited," or "not limited," it does not define the term "Mildly Limited," and it does not instruct the medical source how he should fill out the form if the claimant's performance in a particular ability is less than mildly limited. Id. Not surprisingly, Mr. Prouse provided a rating for Plaintiff for each of the mental abilities requested, using one of the four categories provided on the form. He rated fifteen abilities "Mildly Limited" and five abilities "Moderately Limited." Id. The form provides a definition for "Moderately Limited – Impairment levels are compatible with some, but not all, useful functioning. Considered to be 1 standard deviation below the norm, or 30% overall reduction in

performance." (R. 443). Therefore, one considering Mr. Prouse's opinions should assume that Ms. Frakes has a 30% reduction in her functional performance in each of the five mental abilities rated moderately limited. The ALJ stated he gave this portion of Mr. Prouse's opinion significant weight, and although Plaintiff understands the limitations opined to be greater than the ALJ, she has not shown that the ALJ's view is not supported or that he did not accord substantial weight to this portion of Mr. Prouse's opinion.

Plaintiff argues that the 30% percent reduction opined by Mr. Prouse would result in greater "concrete consequences" from her mental impairments than assessed by the ALJ. (Pl. Br. 15). But, as the Commissioner's Brief suggests, neither Mr. Prouse's medical source statement nor his "To Whom It May Concern" letter provides an explanation or a listing of the <u>functional</u> limits to work in Plaintiff's mental performance which are caused by his moderate limitations in the moderately limited mental abilities. (R. 443-44, 446). As Plaintiff argues, the POMS does not apply to medical sources completing medical source statements, and check box forms constitute medical opinions which must be weighed in accordance with the law and the regulations. But, the Tenth Circuit long ago held that reports consisting solely of check box forms "standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence." <u>Frey v. Bowen</u>, 816 F.2d 508, 515 (10th Cir. 1987). While Plaintiff is correct that the <u>categorical rejection</u> of such check box forms may not be applied to treating source medical opinions, <u>Anderson v. Astrue</u>, 319 F. App'x 712, 723 (10th Cir. 2009), it also recognized that "[e]xplanatory material is certainly relevant in deciding the weight a

9

treating physician's opinion should receive." Id. (citing White, 287 F. 3d 907-08). Here, Mr. Prouse simply did not provide any explanation demonstrating <u>functional</u> limitations which are clearly more restrictive than the RFC assessed by the ALJ. The question for the court is not whether Plaintiff can provide an evidentiary basis to support her view of Mr. Prouse's opinion, but whether the record evidence supports the ALJ's findings in this regard. It does.

As the Commissioner noted in her Brief, the ALJ explained his evaluation of each of the medical opinions regarding Plaintiff's mental impairments, assigning significant weight to the non-examining source opinions of the state agency psychological consultants, the non-treating source opinion of Dr. Mintz, and the treating source opinion of Mr. Prouse. (R. 25). He explained that he gave the 2010 opinion of Dr. Ammons only "some weight" because it "does not reflect the claimant's functional capabilities during the relevant period." Id. In this context, the ALJ explained how he reached the mental RFC limitations he assessed:

> A review of the limitations resulting from the claimant's impairments indicates that they are "severe," and require a reduction of the residual functional capacity. The undersigned has accommodated the claimant's moderate difficulties in maintaining concentration, persistence and pace by limiting her to simple to intermediate work, which is further defined as unskilled work. Secondary to her moderate difficulties in social functioning, the claimant is limited [to] only occasional interaction with coworkers and the general public. The claimant's assertions related to her inability to function due to mental deficits have been considered, but are not given great weight because the medical record does not support her allegations.

(R. 25).

Plaintiff's argument that the assertion that the ALJ accounted for all of Mr. Prouse's opinion is erroneous because dealing with co-workers and the public is not the same as accepting and responding appropriately to supervisors, and a limitation to unskilled work does not capture the totality of the moderate limitations opined, is merely an argument that the ALJ should have found that Mr. Prouse's moderate limitations provide greater functional limitations, but as noted above she has shown that greater functional limitations are demonstrated or required by Mr. Prouse's medical source statement. As such, her argument is merely a request that the court reweigh the evidence, assign greater functional limitations to the mental ability opinions of Mr. Prouse, and substitute its judgment for that of the ALJ. As noted above, it may not do so. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172.

Plaintiff is also correct that a treating source's opinions are generally worthy of greater weight than the opinions of non-examining and non-treating sources. But in a situation such as this, where the medical opinions are quite similar, the ALJ reconciled the opinions and explained his bases for doing so, and most importantly, the treating source opinion does not require greater limitations, there is no error in according identical weight to the opinions.

In her final argument, Plaintiff claims the ALJ did not provide an adequate basis to deny controlling weight to Mr. Prouse's treating source opinion. A treating source opinion must be afforded controlling weight if it is both well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the

other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); see also Watkins, 350 F.3d at 1300 (citing SSR 96-2p, (West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2016) ("Giving Controlling Weight to Treating Source Medical Opinions"))). Plaintiff argues that the ALJ denied controlling weight because Mr. Prouse's opinions regarding being off task and missing work each month were internally inconsistent with the moderate limitations Mr. Prouse opined, and asserts that this is not an adequate reason to deny controlling weight. The court disagrees.

The threshold for denying controlling weight is low. The ALJ need only find evidence which is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the [treating source's] medical opinion." SSR 96-2, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2016). Plaintiff does not recognize that the ALJ denied controlling weight because a portion of Mr. Prouse's medical opinion was internally inconsistent with both the five moderate limitations he opined and with the significant number (15) of mild limitations he opined in Plaintiff's mental abilities. (R. 25). As noted above, Plaintiff has shown no error in the ALJ's evaluation of Mr. Prouse's opinion, and that evaluation reveals inconsistencies between Mr. Prouse's opinion that Plaintiff will be off-task or missing work and his other opinions regarding Plaintiff's mental capabilities. Moreover, as discussed above the ALJ also properly accorded significant weight to the opinions of the state agency psychological consultants and of Dr. Mintz, and those opinions also constitute such relevant evidence as the ALJ appropriately accepted as adequate to

support a conclusion that is contrary to Mr. Prouse's medical opinion regarding time off-task and off work.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 13th day of April 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**